

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy Loventhal, Chairman
Livestock Sanitary Commission of Texas
Fort Worth, Texas

Dear Sir:

Re:  Reconsideration of Opinion No. O-1318

Early in December, 1939, you submitted to this department a letter requesting an opinion on the following question:

"Will it be permissible to pay the $25.00 annual dues of the Livestock Sanitary Commission of Texas for membership in the United States Livestock Sanitary Association from the funds allotted such department by the last Legislature to defray its office expenses?"

On December 14, 1939, we answered the above mentioned question in the negative in our opinion No. O-1318.

Upon our own motion we have reconsidered said opinion and have determined that we were in error in a conclusion reached therein, and therefore, re-write the opinion answering the question in the affirmative.

We quote from your letters of December 1 and December 12, as follows:

"The Livestock Sanitary Commission of Texas has been a member of the United States Live Stock Sanitary Association for a long number of years.

"The headquarters office of the United States Live Stock Sanitary Association is located at 221 North La Salle Street, Chicago, Illinois.

"The annual dues for membership in the United States Sanitary Association is $25.00.

"In the past, we have paid our membership dues from the appropriation for this Department out of its office expense funds.

"It is very necessary that this Department continue as a member of the above Association in order that it may keep in close contact with livestock sanitation work throughout the United States and especially with the officials of the various States with whom we deal almost daily.

"Will it be permissible to pay the $25.00 annual dues of this Department for membership in the United States Live Stock Sanitary Association from the funds allotted this Department by the last Legislature to defray its office expenses?"

"The main objective of the Officials and members of the United States Livestock Sanitary Association is to locate areas within the various States where diseased livestock are present and to put into effect uniform methods for controlling and eradicating the diseases, and also put into effect practicable rules and regulations regulating the uniform movement of livestock both intra- and interstate."

Under the heading of maintenance and miscellaneous of the Livestock Sanitary Commission's departmental appropriation of Senate Bill No. 427 on page 89 we find the following appropriations for the years ending August 31, 1940, and August 31, 1941:

"1. Dip material and cattle marking paint. $ 8,000.00
"2. Indemnity for tubercular cattle owners. 3,000.00
"3. Indemnity for bangs-reactor-cattle and goat owners. . . . . . . . . . . . . 25,000.00
"4. Laboratory equipment and supplies . . . 3,000.00
"5. Traveling expenses . . . . . . . . . . . 30,000.00
"6. Printing . . . . . . . . . . . . . . . . 650.00
"7. Rent, telephone, postage, office and contingent expenses. . . . . . . . . . 5,000.00
"8. Investigation contagious diseases, including supplies . . . . . . . . . . 6,000.00"

An opinion was written by this department on August 31, 1939, directed to the Honorable V. C. Marshall, Chairman, Texas Conservation Board, which is opinion No. O-906A, written

by Honorable R. W. Fairchild, Assistant Attorney General, wherein contingent expenses were discussed. What was there said with reference to contingent expenses is equally applicable to the question we have under consideration.

We quote from the above-mentioned opinion as follows:

"The monies of this contingent fund are to be used for purposes for which the Legislature made no specific itemized provision. No part of it can be used for supplementing the funds appropriated for specific items for which express provision was definitely made by the Legislature. Where definite sums are appropriated for specific purposes, moneys in a contingent fund are not available for expenditure in connection with these specific purposes in the absence of an expression by the Legislature of a contrary intent. A contingent fund in itself ordinarily implies unpredictable items of cost and expense. Where the Legislature has foreseen various expenses and provided for them definitely, funds provided for contingent expenses cannot be used to supplement expenditures for items for which the Legislature made definite and specific provision. Unless the context requires a contrary interpretation, a contingent fund is not available to supplement enumerated expenditures for which specific provision has been made. And we find in this particular bill no evidence that the Legislature intended the term contingent expenses in any other than its ordinary and usual significance."

Article 1525b of the Penal Code reads in part as follows:

"Section 1. It shall be the duty of the Livestock Sanitary Commission provided in Article 7009 Revised Civil Statutes of 1925 to protect all cattle; horses, mules, asses; sheep, goats, hogs, and other live stock, and all domestic animals and domestic fowls of this State from infection, contagion or exposure to the infectious, contagious and communicable disease enumerated in this Section. . ."

Honorable Roy Leventhal, Page 4

        Section 22 of Article 1525b of the Penal Code
provides that:

        "The Live Stock Sanitary Commission is
hereby authorized to cooperate with the Bureau
of Animal Industry, United States Department
of Agriculture and with County Commissioners'
Courts of this State. . . ."

        Under Article 1525b, supra, it is the duty of the
Livestock Sanitary Commission to protect all domestic ani-
mals and domestic fowls of this state from infection, con-
tagion or exposure to infectious, contagious and communicable
diseases. The Livestock Sanitary Commission is further
authorized to cooperate with various departments of the
United States and the various County Commissioners' Courts
of this State to carry out the duties imposed upon it by
law. We are of the opinion that it is highly desirable
that the Livestock Sanitary Commission of Texas, which is
charged with the duties above mentioned to be a member of
the United States Live Stock Sanitary Association, which
will enable the State Livestock Sanitary Commission to ob-
tain necessary information to carry out the duties imposed
upon it by law.

        Therefore, you are respectfully advised that it
is the opinion of this department that the above mentioned
expenditure or expenses may be paid out of the contingent
fund.

        Our opinion No. O-1318, bearing date, December
14, 1939, is hereby withdrawn and this opinion is substi-
tuted in lieu thereof.

                        Yours very truly

                        ATTORNEY GENERAL OF TEXAS

                        By      (signed)
                                Ardell Williams
AW:GO                                   Assistant

APPROVED MAR. 20, 1940
Gerald C. Mann                          APPROVED
Attorney General of Texas          Opinion Committee
                                By  B. W. B.  Chairman